**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HOSPITAL CASUALTY
COMPANY OF OKLAHOMA,
an Oklahoma Corporation,

      Plaintiff-Appellant,

v.

PHARMACISTS MUTUAL
INSURANCE COMPANY,
an Iowa Corporation,

      Defendant-Appellee.

No. 99-6106
(D.C. No. 98-CV-1578)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **BALDOCK** , **HENRY** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Hospital Casualty Company (HCC) brought suit against Pharmacists Mutual Insurance Company (PM) following HCC's payment of a settlement reached in a separate action filed against pharmacist Allan Hale and others. Mr. Hale was an additional insured in his employer's policy with HCC, and had also purchased an individual insurance policy from PM. HCC's suit against PM contended that PM, not HCC, was the primary insurer for the loss, and sought contribution from PM for the settlement payment, as well as costs and attorney's fees.

On cross-motions for summary judgment, the district court concluded that HCC's policy was primary and entered judgment for PM. HCC now appeals. "We review the district court's grant of summary judgment de novo," applying the same standards as that court pursuant to Fed. R. Civ. P. 56(c). *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999). Because the parties agree that no material facts are in dispute, we determine only "whether the district court correctly applied the substantive law." *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S. Ct. 53 (1999).

On appeal, HCC argues that the district court erred in concluding that its policy was primary because: 1) PM's policy had a boilerplate escape clause which lacks the specificity of HCC's "other insurance" clause, 2) PM's policy did not require Mr. Hale to maintain an underlying primary policy, 3) Mr. Hale did not

-2-

pay the premiums for the HCC policy, 4) the district court wrongly relied on the intent of PM, 5) the district court wrongly relied on an unpublished, distinguishable, case from the District of Minnesota, and 6) the language of the two policies demonstrates that PM's policy is primary.

After careful review of the record on appeal and the parties' briefs in light of the applicable law, we conclude that the district court correctly decided this case. Therefore, for substantially the same reasons set forth in the district court's order dated February 2, 1999, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge